(No. 63533.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HARRY FIKE, Appellant.

*Opinion filed June 10, 1987.*

50

GOLDENHERSH, J., took no part.

Mary Robinson, of Robinson & Skelnik, of Elgin, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Terence M. Madsen, Assistant Attorneys General, of Chicago, of counsel), for the People.

CHIEF JUSTICE CLARK delivered the opinion of the court:

The defendant, Harry Fike, appealed an order of the circuit court of Winnebago County which revoked his probation and sentenced him to the county jail. After the case had been briefed to the appellate court, that court, in an unpublished Rule 23 order, dismissed the defendant's appeal as untimely (145 Ill. App. 3d 1166). We granted the defendant's petition for leave to appeal. (103 Ill. 2d R. 315(a).) The defendant's principal request is that his appeal be reinstated and that the case be remanded to the appellate court for a decision on its merits.

On January 31, 1984, the defendant was convicted of battery and disorderly conduct and was sentenced to one year of probation. The State filed a petition to revoke probation, which alleged that the defendant had committed the offenses of "disorderly conduct" and "obstructing." The defendant's motion to dismiss the petition on grounds that it was insufficiently specific was denied. After a hearing held on July 18, 1984, the court found the defendant guilty of violating the conditions of probation and sentenced him to serve five months in jail. The court did not advise the defendant after sentencing of his right to appeal and the time limits governing the filing of a notice of appeal. See 103 Ill. 2d R. 606(a) (contemplating that the defendant will "in open court" be "advised of his right to appeal").

Defendant's time to file a notice of appeal would have expired on August 17, 1984, 30 days after he was sentenced. In the record there are four documents. The first is captioned "Motion for New Trial," and is two pages in length. The first page of this document bears a file stamp upon which a notation signifying the date of August 21, 1984, has been added in handwriting. The second page of the document bears an identical file stamp upon which a notation signifying a different date has been added in handwriting. This date is August 17, 1984. Both file stamps bear the handwritten initials "R.A.C." in the space on the file stamp which identifies the deputy clerk receiving the document. The second document is captioned "Amended Motion for New Trial." It bears the file stamp date of August 21, 1984, but identifies a different receiving deputy clerk, "A.I.L." The third and fourth documents, captioned "Notice of Appeal," and "Motion for Appointment of Counsel on Appeal and for Free Transcript," also bear the date August 21, 1984, and the initials "A.I.L." The docket sheet for the case does not indicate any activity in the case on August 17. The docket notation for August 21 records the filing in open court of all of the motions listed above except the defendant's original motion for a new trial, which does not appear anywhere on the docket sheet. The discrepancy between the dates on the first and second pages of the original motion for a new trial was not noted in defendant's original brief, and was only brought to the court's attention by the State in its brief. Thereafter, the defendant addressed this point in his reply brief, and it was discussed by both sides during oral argument.

At a hearing on August 21, appointed counsel appeared with the defendant before the circuit court. At that time the court acted on all four of the defendant's motions. The court granted the defendant leave to file a motion for a new trial, and the motion was denied. How-

ever, the court granted the defendant leave to file a notice of appeal and, upon a finding of indigency, entered an order appointing the State Appellate Defender and providing for transcripts without cost. After granting leave to file a notice of appeal, the court granted a defense motion seeking the defendant's immediate release from jail upon being given credit for time spent on probation. The notice of appeal filed by the defendant recited that the judgment appealed from was entered on July 18, 1984. At the hearing the assistant State's Attorney did not argue that the notice of appeal was untimely.

The office of the State Appellate Defender filed a docketing statement on the defendant's behalf on September 18, 1984, and a clerk's certificate in lieu of record was filed on October 23, 1984. Defendant's appellate counsel subsequently discovered that the record was not complete, and he made a number of requests to extend the time for filing the brief, all of which were granted. Defendant's brief, arguing that the petition to revoke probation was deficient in that it provided insufficient notice of the conduct charged, was filed on July 30, 1985. The State filed a brief on September 26, 1985. In that brief the State argued that defendant's appeal should be dismissed because the notice of appeal was filed more than 30 days after judgment. On December 11, 1985, the appellate court issued an order under Supreme Court Rule 23 dismissing the appeal. On petition for leave to appeal, the State Appellate Defender withdrew from the case and a new attorney was appointed for the defendant.

The defendant initially raised three alternative arguments justifying his request that this court reverse the dismissal and reinstate his appeal. The defendant acknowledged that the timely filing of a notice of appeal is jurisdictional (see 103 Ill. 2d R. 606(a)), and that the time during which the appellate court had statutory authority to allow a late filing expired six months after the last day

for filing a timely notice of appeal (see 103 Ill. 2d R. 606(c)). The defendant argued, however, that reinstatement was justified: (1) because, under this court's decisions in *People v. Williams* (1974), 59 Ill. 2d 243, and *People v. Brown* (1973), 54 Ill. 2d 25, the appellate court abused its discretion in dismissing the appeal, (2) because the negligence of defendant's trial and appellate counsel in failing to file either a timely notice of appeal or a late notice of appeal violated defendant's sixth amendment right to effective assistance of counsel, and/or (3) because the State revested the circuit court with jurisdiction by appearing at the August 21 hearing, thus making the August 21 notice of appeal timely. In his reply brief, defendant further argues that the notice of appeal was, in fact, timely, because his original motion for a new trial was actually filed on August 17, 30 days after the circuit court's initial judgment, and not on August 21. (See 103 Ill. 2d R. 606(b).) Since acceptance of this argument would render defendant's remaining arguments moot, we consider it first.

Defendant suggests two possible scenarios which would explain why the original motion for a new trial bears two conflicting date stamps. In the first, an agent of the Public Defender's office came on August 17 to the clerk's office to file the original motion for a new trial. The deputy clerk stamped the first and second pages of the document, filling in August 17 as the date on the second page. The deputy clerk then became distracted by some other task, or perhaps by a request from the Public Defender's agent that the file be sent to the judge for a hearing on August 21. After the distracting event, the deputy clerk returned to complete the filing of the motion. Perhaps confused because the motion was to be heard on August 21, he inadvertently filled in that date on the first page of the document.

Knowing that the motion would not be heard until August 21, the deputy clerk neglected to make the proper docket entry. In support of this supposition, the defendant points out that several other out-of-court filings were entered out of order, after notations of subsequent in-court proceedings. For example, after the trial of defendant was held on July 18, a docket entry was made for the State's petition to vacate the defendant's probation, with the notation that it had been actually filed eight days earlier, on July 10. The defendant argues that the deputy clerk who received the motion on August 17 originally intended for it to be recorded in the docket sheet on the hearing on August 21, together with a notation that it had actually been filed on August 17. Instead of recording the filing of the document, the clerk simply included it in the case file sent to the judge hearing the motion.

However, when the defendant on August 21 filed the amended motion for a new trial in open court, together with several other motions, the deputy clerk recording the filing made two further errors. Seeing the erroneous date of August 21 on the first page of the original motion for a new trial, the deputy clerk mistakenly assumed that it had been filed on that date. The clerk did not notice the conflicting date stamp on the second page. Second, when entering the amended motion for a new trial and the other motions, the clerk neglected to make a separate docket entry for the original motion for a new trial.

In the defendant's second proposed scenario, also, the original motion for a new trial was tendered to the deputy clerk on August 17. In this scenario, however, the clerk stamped the document only once, on the second page, and wrote in the date August 17. Again, the clerk neglected to make an entry on the docket sheet, and placed the motion in the case file. When the other motions, including the amended motion for a new trial, were tendered in open court, a second deputy clerk, not seeing

any file stamp on the first page of the original motion for a new trial, assumed that the original and amended motions for a new trial were being filed together. The clerk stamped both August 21. Assuming that the amended motion incorporated the original motion by reference, the second deputy clerk neglected to separately mention the original motion in the August 21 docket entry.

Under either scenario, the original motion for a new trial was timely filed on August 17. In further support of this contention, the defendant points out that an August 17 filing would explain the State's failure at the August 21 hearing to contest the timeliness of the defendant's notice of appeal.

In oral argument, the State acknowledged that the defendant had presented "good reasons" for an August 17 filing, but argued that the August 21 filing date was a "factual finding" of the appellate court, which should not be reversed so long as it is fairly supported by evidence in the record. The State further argued that the docket's failure to indicate any activity on August 17 supports the appellate court's finding.

We do not agree. The common law record, including the docket sheet, "imports verity and is presumed correct." However, where the common law record is contradicted by matters in the report of proceedings, a reviewing court must look at the record as a whole to resolve the inconsistencies. (*People v. Williams* (1963), 27 Ill. 2d 327, 329.) Here the common law record is itself contradictory. The record contains a document, the original motion for a new trial, which bears official stamps indicating that it has been filed. The docket sheet, on the other hand, does not contain any indication that this document was in fact filed. The document also bears two different date stamps, one of which would indicate that the defendant's appeal is timely, and one of which would not. As a reviewing court, we have a duty to resolve this contradiction.

Moreover, we do not consider the appellate court's assumption that the motion was filed on August 21 to be a "factual finding." When this case was before the appellate court, the State, the defendant, and the court all failed to notice the discrepancy in dates.

Given the necessity of resolving this discrepancy, we believe that the original motion for a new trial was filed on August 17, 1984. Outside of forgery or fraud, we can conceive of no way in which the document could have been stamped August 17 had not the defendant actually tendered the document to the deputy clerk on that date. If the document had been tendered on August 21, what could have possibly suggested to the clerk that he should stamp and date the document August 17? On the other hand, had the document been actually tendered and stamped on August 17, the erroneous stamping of August 21 could have been suggested by the filing of other motions on that date, including the amended motion for a new trial, or simply by the fact that the motion was heard on August 21. Thus, if we accept the State's view, the August 17 date stamp must remain a puzzling anomaly. Either of the two explanations suggested by the defendant, on the other hand, are at least plausible, and account for the inconsistencies in the record.

The defendant's explanations also have the virtue of suggesting why the defense counsel, the State, and the trial court all failed to notice at the August 21 hearing that the 30-day limit for both notice of appeal and a motion for a new trial had expired. It is particularly hard to explain why, if the notice of appeal was then untimely, defendant's trial counsel did not move to file a late notice of appeal under Rule 606(c). This puzzling omission becomes explicable on the assumption that all parties were aware, on August 21, of the August 17 filing of the original motion for a new trial. It was only the defective construction of the common law record that later led a differ-

58

ent assistant State's Attorney, many months after the fact, to the erroneous conclusion that the notice was untimely.

The State also argues that, assuming the August 21 notice of appeal was timely, the circuit court lacked jurisdiction to entertain and grant defendant's motion for immediate release upon being given credit for time served. This argument is premised upon the fact that the defendant apparently tendered the notice of appeal to the trial judge a few minutes before he tendered his motion for immediate release. The State argues, apparently, that at the exact moment of tender, the circuit court was divested of jurisdiction, and jurisdiction flowed to the appellate court. We do not agree. Both motions were filed on August 21, and since the timely August 17 filing of the motion for a new trial extended by an additional 30 days the time for filing the notice of appeal (103 Ill. 2d R. 606(b)), the circuit court retained jurisdiction over the motion for immediate release. It would be an extremely hypertechnical reading of our rules which would require us to determine jurisdiction by the moment, rather than the day, when a document is filed. Since both motions are dated August 21, we will conclusively presume that the notice of appeal was filed after the motion for immediate release.

For the foregoing reasons, the judgment of the appellate court is reversed, defendant's appeal from the judgment of the circuit court of Winnebago County is reinstated, and the cause is remanded to the appellate court for consideration of the merits of defendant's appeal.

*Appellate court reversed;*
*appeal reinstated;*
*cause remanded.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.