THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KAREN STINGLEY, Defendant-Appellant.

First District (3rd Division)    No. 1—95—1374

Opinion filed December 20, 1995.

Rita A. Fry, Public Defender, of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Timothy Felgenhauer, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant Karen Stingley, who appeared *pro se,* was convicted of theft and criminal damage to property for taking certain items and damaging certain property belonging to defendant's landlord, Jessie Mosely. The sentencing order states that defendant was placed on one year's social service supervision and ordered to pay restitution in the amount of $2,150.

On appeal, defendant primarily asserts that the restitution should be vacated based on alleged improper conduct at the sentencing hearing. Defendant also contends and the State agrees that the amount of restitution on the sentencing order ($2,150) does not conform to the amount ordered by the trial court at the sentencing hearing ($650) and thus that order should be amended to state $650.

We vacate the imposition of any restitution because the record reveals that the trial court only imposed a sentence of one year's social service supervision.

At trial, Jessie Mosely testified that she owned a three-story building and lived on the first floor. Defendant rented the second-floor unit. On November 15, 1994, Mosely evicted defendant. Mosely testified that on the day of eviction, defendant stole two chandeliers and baseboard heating covers. Also defendant damaged the bathroom walls, the bathtub and walls with spray paint. Subsequently, on November 19, defendant returned to the apartment accompanied by five persons and broke four doors in the building. Mosely testified that the repairs for the property damage amounted to $443 and $123.

After Mosely testified, defendant declined the court's invitation to question Mosely. The court then asked defendant to recount what happened.

Defendant denied taking the chandeliers and testified that they were broken by the sheriff's personnel who evicted her on November 15. Defendant testified that the apartment did not have any covers on the baseboard heaters and the ones referred to by Mosely were not in the apartment. The doors, according to defendant, were damaged by her estranged husband prior to the eviction date.

The court entered a finding of guilty to the charge of theft and criminal damage to property, ordered a presentence investigation report and continued the matter for sentencing on March 15, 1995. On appeal, defendant does not challenge the finding of guilty.

The presentence investigation report revealed that defendant had no criminal background and was 27 years old, a divorced mother of three children and pregnant with a due date in July 1995. Defendant graduated from high school and attended college for three years. Defendant had been unemployed about six months but had worked at various jobs from 1983 to 1994. Until she was laid off due to downsizing in July 1994, defendant last worked at G. Heileman Brewing Company in Rosemont as a systems manager. Defendant had no current income but said she was able to meet her financial obligations. The victim impact statement which was attached to and referenced in the presentence report stated that Ms. Mosely incurred a financial loss of $2,800, including $1,300 for the loss of two months' rent.

The entire sentencing proceeding on March 15, 1995, is as follows:

"THE CLERK: Karen Stringley [*sic*].

[THE STATE]: A letter from Ms. J. Washington, your Honor. And $20 and 69.30, bathroom wall, tile $250, dryer was jammed, $250, paint and glass, 2.60 a gallon and $85 paint $62—

THE COURT: All right, ma'am. And—$650, $650 and put you on supervision for one year.

DEFENDANT: I can't afford to pay that, and you can see from my record I'm laid-off.

THE COURT: One year social service supervision.

[THE STATE]: And she is just on the record—Your Honor, you can admonish her also and this woman informs me she allegedly went onto the property and fears for her life.

THE COURT: And if anything happens, and you're on supervision, you understand?

DEFENDANT: Yes.

THE COURT: She is in fear of her safety."

The sentencing order specifically provides for a one-year term of social service supervision and "[r]estitution to Jessie Mosley [*sic*] in the amount of $2,150.00 payable through Social Service on or before 3-14-96." The sentencing order further states that defendant shall "[a]void contact with Jessie Mosley [*sic*]."

On appeal defendant contends and the State concurs that the clerk misstated the amount of restitution imposed by the trial court. Defendant and the State maintain that the amount on the order ($2,150) should be changed to the amount imposed during the sentencing hearing ($650).

■ Where the report of proceedings conflicts with the common law record, the report of proceedings will prevail. (*People v. Casiano* (1991), 212 Ill. App. 3d 680, 690, 571 N.E.2d 742; *People v. Hanley* (1977), 50 Ill. App. 3d 651, 653 n.1, 365 N.E.2d 676 ("[w]here a conflict regarding sentencing arises between the common law record and the report of proceedings, the latter governs"); see also *People v. Mitchell* (1992), 234 Ill. App. 3d 912, 921, 601 N.E.2d 916 (misstatements made on a mittimus should be corrected to reflect the proper judgment of the court).) Moreover, a reviewing court has a duty to resolve contradictions which exist between the common law record and the report of proceedings by looking at the record as a whole. *People v. Fike* (1987), 117 Ill. 2d 49, 56, 509 N.E.2d 1011 (a motion bore two different date stamps and was inconsistent with the docket sheet).

We agree with the parties' contention that the sentencing order contradicts the sentence imposed by the trial court at the sentencing hearing regarding restitution. However, contrary to the parties' interpretation of the error in the sentencing order, we find that the plain language of the transcript of the sentencing proceeding reveals that the trial court eliminated any payment of restitution.

■ In the sentencing hearing, the trial court first stated "$650 and *** supervision for one year." Defendant then informed the court that she could not "afford to pay that" amount. The trial court immediately responded to defendant's statement by stating "[o]ne year social service supervision." Notably the court did not reiterate any dollar amount and did not revisit the restitution issue. On the record before us, we hold that the sentence as ordered by the trial court at the sentencing hearing is one year of supervision. Accordingly, pursuant to Supreme Court Rule 615(b)(1) (134 Ill. 2d R. 615(b)(1)), we order the sentencing order to be corrected by deleting the reference to restitution.

We find further support for our holding by noting that after the court imposed supervision at the sentencing hearing, the only other issue discussed concerned Jessie Mosely's fear of defendant. The sentencing order reflects the court's instruction on this matter by specifically stating that defendant must avoid contact with Ms. Mosely. Accordingly, the sentencing order comports with the court's mandate in all matters except the restitution.

For all the foregoing reasons, we vacate the restitution and affirm the sentencing order in all other respects.

Vacated in part; affirmed in part.

RIZZI and TULLY, JJ., concur.