THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JESSE T. LEACH, Defendant-Appellant.

Second District   No. 2—95—0321[1]

Opinion filed December 18, 1996.

---

[1]This opinion was originally filed October 24, 1996, but was withdrawn after publication. The opinion filed December 18, 1996 replaced the original opinion and has been published in its place.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Robert J. Biderman and Thomas R. Dodegge, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Jesse T. Leach, appeals the trial court's order dismissing his petition for post-conviction relief (725 ILCS 5/122—1 (West 1994)). The issue on appeal is whether we must remand this cause to the trial court because the record does not demonstrate that defense counsel complied with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). We affirm.

Defendant was charged by indictment with escape (720 ILCS 5/31—6(a) (West 1994)). Defendant entered into a negotiated guilty plea in exchange for a sentence of two years' imprisonment to be served consecutive to a sentence of six years' imprisonment imposed for a separate conviction.

On October 17, 1994, defendant filed a *pro se* petition for post-conviction relief. The petition alleged that the sentences should have been concurrent instead of consecutive. On December 14, 1994, the trial court appointed counsel for defendant for his petition. On February 3, 1995, the trial court granted the State's motion to dismiss the petition. Defendant filed a timely notice of appeal.

On appeal, defendant argues that his counsel was ineffective for failing to comply with the requirements of Supreme Court Rule 651(c) and that we must remand the cause, pursuant to *People v. Alexander*, 197 Ill. App. 3d 571, 573-74 (1990), to the trial court for full

compliance with the rule. However, our supreme court recently held that, for a defendant to prevail in a challenge to a sentence entered pursuant to a negotiated plea agreement, defendant must (1) move to withdraw the guilty plea and vacate the judgment, and (2) show that the granting of the motion is necessary to correct a manifest injustice. *People v. Evans*, Nos. 80158, 80159 cons. (September 19, 1996). In *Evans*, the court considered the motion-to-reconsider-sentence provisions of Rule 604(d) (145 Ill. 2d R. 604(d)) and held that they only apply to open guilty pleas. *Evans*, slip op. at 10.

Although *Evans* involved the defense attorney's failure to comply with Rule 604(d), we conclude that the reasoning used in *Evans* applies equally to a motion to reconsider the sentence in the form of a post-conviction petition and counsel's failure to comply with Rule 651(c). Like Rule 604(d), Rule 651(c) requires counsel to file a certificate or make a showing on the record that he has consulted with defendant to ascertain his contentions of error, has examined the record of the trial court proceedings, and has made any amendments to the petition filed *pro se* that are necessary for an adequate presentation of defendant's contentions.

*Evans* thus stands for the proposition that a defendant cannot challenge a sentence imposed pursuant to a negotiated plea agreement without first moving to withdraw his guilty plea and vacate the judgment. The reason for this is that, in a negotiated guilty plea, as opposed to an open guilty plea, the State has agreed to a specific sentence and in some cases has dropped other charges in exchange for a defendant's guilty plea. If a defendant is to challenge his sentence, he must also withdraw his plea in order to put the State back in its original bargaining position.

█ In the present case, defendant and the State entered into a negotiated plea agreement. Under its terms, defendant pleaded guilty to the charge of escape and, in exchange, the State agreed to the minimum sentence to run consecutively to a sentence imposed for a separate conviction. The trial court accepted the plea agreement and entered judgment in accordance with its terms. Subsequently, defendant filed a petition for post-conviction relief alleging that the sentence should not have been consecutive to his other sentence. The trial court declined to modify his sentence to run concurrently with his other sentence.

We conclude that the provisions of Rule 651(c), like the motion-to-reconsider-sentence provisions of Rule 604(d), only apply to open guilty pleas. See *Evans*, slip op at 10. Accordingly, defendant was not entitled to a reduction of his negotiated sentence because it had been bargained for in his plea agreement. Defendant could obtain relief

only by requesting the trial court, in his postconviction petition to withdraw his guilty plea and vacate the judgment. He would also have to show that the granting of the motion is necessary to correct a manifest injustice. He did neither. Consequently, defendant is not entitled to a reduction of his negotiated sentence.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GEIGER and RATHJE, JJ., concur.