No. 3--02--0171

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 2005

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 9th Judicial Circuit,

       )  Fulton County, Illinois,

Plaintiff-Appellee,       )

                                )

v.                         )  No. 87--CF--80

  )

RICHARD PATRICK OAKES,          )  Honorable

  )  Steven R. Bordner,

Defendant-Appellant.       )  Judge Presiding.

________________________________________________________________

JUSTICE SCHMIDT delivered the opinion of the court:          

________________________________________________________________

Defendant Richard Patrick Oakes was charged with the 1986 murder of Helen Finley.  In February 1988, he entered a fully negotiated plea of guilty and was sentenced to an 80-year extended term of imprisonment.

On August 16, 2000, defendant filed a 
pro
 
se
 petition for postconviction relief claiming 
that his sentence was imposed in violation of the rule of 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  Following appointment of counsel and consideration of the State's motion to dismiss, the court issued a memorandum opinion finding no legal authority for granting sentencing relief.  Defendant filed a notice of appeal, and the trial court subsequently entered a formal order denying the amended petition.  Finding that defendant's notice of appeal was premature, this court dismissed the appeal for lack of jurisdiction.  
People v. Oakes
, No. 3--02--0171 (2004) (unpublished order under Supreme Court Rule 23).

Defendant appealed to the Illinois Supreme Court.  In a supervisory order of October 6, 2004, the court denied defendant's petition for leave to appeal, but ordered this court to vacate its decision and decide the cause on its merits.  
People v. Oakes
, 211 Ill. 2d ___, 815 N.E.2d 405 (2004).

The only issue defendant advanced in his appeal was that the cause should be remanded to the trial court for further postconviction proceedings because appointed counsel did not comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).  In compliance with the supreme court's directions, we now vacate our dismissal order and affirm the trial court's judgment.

Rule 651(c) provides that, when a defendant appeals from the denial of a postconviction petition, the record must show that the defendant's attorney (1) consulted with the defendant, (2) examined the record of the trial proceedings, and (3) made any amendments to the 
pro
 
se
 petition that were warranted.  134 Ill. 2d R. 651(c).  The attorney may certify that these requirements have been met; however, his failure to do so is harmless if the record establishes that the attorney in fact complied with the rule (
People v. Guest
, 166 Ill. 2d 381, 655 N.E.2d 873 (1995)), or if the attorney's lapse could make no difference in the outcome of the cause (
People v. Leach
, 284 Ill. App. 3d 4, 672 N.E.2d 835 (1996)).

In 
Leach
, the 
pro
 
se
 postconviction petitioner sought sentencing relief from sentences imposed pursuant to a negotiated guilty plea.  The trial court dismissed the petition.  Leach appealed, arguing that his appointed counsel was ineffective for failing to comply with Rule 651(c).  The appellate court affirmed the dismissal, noting that Leach had not requested the court to withdraw his plea and vacate judgment, nor had he shown that granting such relief was necessary to correct a manifest injustice.  
Leach
, 284 Ill. App. 3d 4, 672 N.E.2d 835.  The court further held that, where only sentencing relief is sought by a 
pro
 
se
 postconviction petitioner, and such relief is unavailable because the petitioner has not sought to withdraw a guilty plea and vacate judgment, appointed counsel is not required to comply with Rule 651(c).  
Leach
, 284 Ill. App. 3d 4, 672 N.E.2d 835. 

More recently, the court in 
People v. Sargent
, No. 1--03--2096 (September 30, 2004), ruled that failure to comply with Rule 651(c) was harmless where the only claim asserted in the defendant's 
pro
 
se
 postconviction petition was that his sentence violated the rule of 
Apprendi
.  Retroactive application of 
Apprendi
 was foreclosed by 
People v. De La Paz
, 204 Ill. 2d 426, 791 N.E.2d 489 (2003)).  Therefore, the court noted, no amount of scouring the record, meetings with petitioner, or any amendment of the petition by appointed counsel could have saved the

petition from dismissal, and a remand for Rule 651(c) compliance was not warranted.  
Sargent
, No. 1--03--2096.   

The record in this case fails to demonstrate that appointed counsel consulted with defendant as required by Rule 651(c).  However, even assuming that no attorney-client consultation took place, a remand could not affect the outcome of the postconviction proceedings.  Because defendant's sentence was imposed pursuant to a fully negotiated guilty plea, defendant could not obtain sentencing relief without moving to withdraw his plea and vacate judgment, which he did not do.  See 
Leach
, 284 Ill. App. 3d 4, 672 N.E.2d 835.  Moreover, as in 
Sargent
, defendant's only postconviction claim is barred by 
De La Paz
.  Under the circumstances, appointed counsel's failure to comply with Rule 651(c) was harmless. 

The judgment of the circuit court of Fulton County is affirmed. 

Affirmed.

HOLDRIDGE and McDADE, JJ., concur.