THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEROY RICE, Defendant-Appellant.

Second District    Nos. 2—95—0307, 2—95—0308, 2—95—0309 cons.

Opinion filed September 16, 1996.—Rehearing denied October 10, 1996.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RATHJE delivered the opinion of the court:

Indictments filed on October 5, 1994, charged defendant, Leroy Rice, with several counts of burglary. A plea negotiation was agreed to on November 15, 1994. In exchange for the defendant's plea of

guilty to four counts of burglary (94—CF—2014 (two counts); 94—CF—2017; 94—CF—2020), the State agreed to a cap of six-year terms of imprisonment on all counts to which the defendant pleaded guilty, with the sentences to run concurrently. Further, on January 3, 1995, the State agreed to dismiss the seven remaining charges of burglary. The trial court sentenced the defendant to concurrent five-year terms of imprisonment. On February 2, 1995, the defendant's motion to reconsider his sentence was denied. This timely appeal followed.

On appeal, defendant raises one issue, namely, whether the defendant's cause must be remanded for a new hearing on the defendant's motion to reconsider his sentence.

In support of this contention, defendant asserts three bases for remand, namely, (1) that, in light of Supreme Court Rule 605(b)(5) (145 Ill. 2d R. 605(b)(5)), defense counsel should have been required to review the sentencing hearing transcripts; (2) that he was not provided with a copy of his sentencing transcript, in violation of Rule 605(b)(5); and (3) that his counsel's certificate failed to comply with the exact requirements of Rule 604(d) (145 Ill. 2d R. 604(d)).

■ Initially, we address defendant's contention that defense counsel's failure to review the sentencing transcript is ground for a remand. Defendant concedes that Rule 604(d) merely requires that defense counsel review only the court file and the guilty plea transcript, not the sentencing transcript, even if defendant challenges only his sentence. Defendant argues that we should reject this court's prior determination of the instant issue in *People v. Heinz*, 259 Ill. App. 3d 709 (1994).

In *People v. Heinz*, this court wrote:

"Defendant acknowledges that the language of the rule does not also require that defense counsel read the transcript of the sentencing proceeding before going forward with his motion to reconsider; nevertheless, he asks this court to read such a requirement into the rule on the basis of 'symmetry.' Thus, he argues that, just as the rule requires defense counsel to examine the transcript of a guilty plea proceeding as a condition precedent to a hearing on the motion to withdraw his plea, so too should counsel be required to examine the transcript of the sentencing hearing prior to a hearing on the motion to reconsider the sentence. Defendant cites no relevant authority for this court to read such a requirement into the rule, and it is not a prerogative of this court to amend a rule of our supreme court. We therefore must decline defendant's invitation to do so." *Heinz*, 259 Ill. App. 3d at 712.

We see no reason to reject this reasoning.

In his next argument, defendant initially points out that the trial court did not provide him with a transcript of the sentencing hearing

prior to the hearing on the motion to reconsider the sentence. He then argues that his access to the sentencing transcript was crucial to enable him to communicate effectively with counsel regarding the nature of his claims and their factual basis.

In response, the State initially points out that defendant cites no case law in support of this argument. Moreover, the State contends that Rule 604(d) is primarily concerned with perfecting a defendant's rights on appeal and the need to provide defendant with the necessary transcripts by the time defendant pursues his appeal.

■ Our review of the relevant portions of Rules 604 and 605 does not indicate to us that the transcript of the sentencing hearing is required for defendant's use at the hearing on the motion to reconsider the sentence.

Rule 604(d) provides in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. *** If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." 145 Ill. 2d R. 604(d).

Further, Rule 605(b)(5) states in pertinent part:

> "In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
>
> * * *
>
> (5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions[.]" 145 Ill. 2d R. 605(b)(5).

Given this language, we will not read into the rules the requirement that the sentencing transcript must be furnished to defendant prior to the sentencing hearing. To do otherwise would be tantamount to engaging in rulemaking, a function which is solely the province of our supreme court. See 134 Ill. 2d R. 3(A)(1)(a).

Defendant maintains that remand is necessary for a third reason.

He notes that, under Rule 604(d), defense counsel must certify that he or she has made any amendments to the post-sentencing motion that are necessary to present adequately defendant's claims. Defendant contends that, in the appeal at bar, counsel's certificate omits any reference to the "necessary amendment" portion of the rule. However, defendant concedes that this omission came to the trial court's attention and that defense counsel stated on the record that she did not think any amendments were required.

In response, the State notes that the same defense counsel represented defendant through all phases of the trial court proceedings. The State then asserts that it would put "form over substance" to conclude that the subject omission warrants a remand.

■ We find that the relevant language of the rule does not support defendant's contention. In this case, the rule only requires defendant's counsel to state that he or she "has made any amendments" to the motion necessary for adequate presentation of any defects in those proceedings. 145 Ill. 2d R. 604(d). This portion of the rule makes no reference to situations such as this in which defense counsel has thought it unnecessary to make any amendments to the motion. Again, we will not read into the rules "requirements" that are not explicitly stated.

We affirm the judgment of the circuit court.

Affirmed.

GEIGER and HUTCHINSON, JJ., concur.