THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROGER D. CATRON, Defendant-Appellant.

Fourth District   No. 4—95—0753

Opinion filed December 6, 1996.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Michael D. Clary, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant entered negotiated pleas of guilty to six counts of residential burglary (720 ILCS 5/19—3(a) (West 1994)), committed between October 4, and December 29, 1994. In return for the plea, the State and defendant agreed he would receive a penitentiary sentence of between 4 and 15 years and no additional charges, based on information currently known to the State's Attorney's office, would be filed. Defendant was subsequently sentenced to six concurrent terms of 15 years' imprisonment. Defendant then filed a motion to reconsider sentence, arguing that the sentence was excessive and that the court erred in denying credit for time served. Upon reconsideration, the trial court awarded defendant all the credit to which he was entitled but otherwise denied his motion to reduce sentence.

On appeal, defendant contends that his 15-year sentences must be vacated because they are based, in part, upon the improper consideration of a factor inherent in the crime of residential burglary, namely, the risk of harm to anyone who may be in the residence. We affirm.

■ Initially, we note that the Supreme Court of Illinois in its recent decision in *People v. Evans*, 174 Ill. 2d 320 (1996), held that motion-to-reconsider-sentence provisions of Rule 604(d) (145 Ill. 2d R. 604(d)) do not apply to negotiated guilty pleas. For a defendant to prevail in a challenge to a sentence entered pursuant to a negotiated plea agreement, the defendant must (1) move to withdraw the guilty plea and vacate the judgment, and (2) show that the granting of the motion is necessary to correct a manifest injustice. *Evans*, 174 Ill. 2d at 332.

■ This case differs from the two factual scenarios in *Evans* in which those defendants reached agreements for a specific sentence rather than a range of potential sentences. Nevertheless, contract principles relied on in *Evans* apply with equal vigor to this case to the extent defendant makes a general claim that his sentence is excessive. By agreeing to a potential range of sentences, a defendant implicitly concedes that a sentence imposed within the range cannot be excessive. Defendant's agreement here is that a sentence of 15 years cannot be excessive. Accordingly, under the precedent of *Evans*, the trial court was correct in denying the motion to reduce sentence because the only issue defendant raised was that the 15-year terms of imprisonment were excessive.

■ We recognize that *Evans* did not consider the situation where the alleged sentencing was allowed to be something more than a mere claim that the sentence is excessive. One such claim is that

which defendant attempts to raise here, namely, that the trial court gave him the maximum sentence based, in part, upon improper consideration of a factor inherent in the crime. Had defendant raised this issue in the trial court, we do not believe *Evans* would foreclose a motion to reconsider sentence without vacating the plea.

However, defendant did not raise this issue in the trial court. Rule 604(d) provides that any issue not raised in the motion to reconsider sentence or to withdraw the plea of guilty is waived on appeal. 145 Ill. 2d R. 604(d). Defendant has therefore waived any contention that the trial court improperly considered a factor inherent to the offense at sentencing. Even were we to consider the issue, we find no error. In sentencing defendant, the trial court made the following remarks:

> "With respect to those factors [(in aggravation and mitigation)], as well as some other matters, the Court would observe as follows: first of all, while it's true that the Defendant's conduct did not directly cause or threaten serious physical harm, the offense of residential burglary poses inherent risks of harm, because the crime involves an intrusion into a person's home, their valued place of sanctuary. This circumstance means there may be a physical confrontation between the offender and someone in the residence. The confrontation may be unexpected. As a result, unanticipated violence is always a risk.

> In two of the cases in the factual statement given at the time of the plea, the Court was told the Defendant entered the residences and stole weapons. The Defendant took a twenty gauge Browning shotgun from the residence of Libby Taylor, according to the factual basis given at the time of the plea, and he took a shotgun from Betty Cox. Now, it's true [counsel] did represent at the plea that the Defendant did not admit to taking a shotgun from Libby Taylor's residence but only admitted to a pickup truck. Nevertheless, the point is, when the crime of residential burglary is committed, there is always a risk that the unexpected will occur and someone will be physically harmed, often because of the presence of firearms."

Defendant's contention this was an improper comment on the risk of harm inherent to the crime of residential burglary is without merit. While we agree that conduct that is an essential element of an offense cannot be used to enhance the punishment for that offense (see *People v. Conover*, 84 Ill. 2d 400, 404-05, 419 N.E.2d 906, 909 (1981)), we do not find the trial court's reference here to be improper. In imposing sentence, the trial court may consider the nature and circumstances of the offense. See *People v. Tolliver*, 98 Ill. App. 3d 116, 117-18, 424 N.E.2d 44, 45 (1981). Here, the court was merely

describing the nature of the offenses defendant committed, the seriousness with which the legislature, the courts, and society view them, and the increased risk of violence beyond that already inherent in the offense when firearms are involved. Even if we considered the reference to be improper, it is harmless in light of defendant's substantial adult and juvenile criminal records in addition to the other aggravating factors present. See *People v. Gramo*, 251 Ill. App. 3d 958, 971, 623 N.E.2d 926, 935 (1993).

Accordingly, for the reasons stated we affirm the judgment of the circuit court of Vermilion County.

Affirmed.

McCULLOUGH and GREEN, JJ., concur.