(No. 83415.—

(No. 84014.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JAMES LINDER, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. LEROY RICE, Appellee.

*Opinion filed February 19, 1999.—Rehearing denied March 29, 1999.*

RATHJE, J., took no part.
FREEMAN, C.J., specially concurring.
HEIPLE, J., dissenting.

James E. Ryan, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Barbara A. Preiner, Solicitor General, William L. Browers and

Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, John X. Breslin and Cynthia N. Schneider, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Patrick M. Carmody, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

James E. Ryan, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Barbara A. Preiner, Solicitor General, William L. Browers and Lisa Anne Hoffman, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Martin P. Moltz and David A. Bernhard, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

G. Joseph Weller, Deputy Defender, and Patrick M. Carmody, Assistant Defender, of the Office of the State Appellate Defender, of Elgin, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The issue in these two consolidated appeals is whether a defendant who pleads guilty in exchange for a cap on the length of his sentence may challenge a sentence that is imposed within the range of the cap without first moving to withdraw his guilty plea. We hold that he may not.

In *People v. Linder*, James Linder was charged with three counts of armed robbery, one count of aggravated

vehicular hijacking, and one count of armed violence. Linder pleaded guilty to one count of armed robbery and one count of aggravated vehicular hijacking after the State agreed to dismiss the other charges and indicated that it would not seek a sentence in excess of 15 years' imprisonment. The circuit court of Lake County accepted the plea agreement and sentenced Linder to 11 years on each of the two counts, with the sentences to run concurrently.

Although the sentence was within the agreed upon range, Linder filed a motion under Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) asking that the sentence be reconsidered. That motion was denied. Linder subsequently appealed, arguing that he was entitled to a new sentencing hearing because his attorney failed to file the certificate required by Rule 604(d) prior to the hearing on his motion to reconsider.

Under Rule 604(d), defense counsel must certify that he or she has reviewed the proceedings, consulted with the defendant, and made any amendments to the motion necessary for adequate presentation of any defects in the plea or sentencing proceedings. Requiring such a certificate enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence. The rule must be strictly adhered to. *People v. Shirley*, 181 Ill. 2d 359, 371 (1998). Where counsel has not satisfied the rule's certification requirement, a trial court's denial of a defendant's motion to reconsider must be reversed and the cause must be remanded to the trial court to permit the filing of a new motion to reconsider and a new hearing on that motion. *People v. Janes*, 158 Ill. 2d 27, 35-36 (1994).

Although the requisite certificate was not filed by Linder's trial counsel, the State argued that the absence of the certificate was irrelevant. According to the State,

Linder would not be entitled to relief on appeal even if such a certificate had been filed because he never moved to withdraw his guilty plea and to vacate the judgment as required by this court's decision in *People v. Evans*, 174 Ill. 2d 320 (1996).

The appellate court rejected the State's argument. It held *Evans* inapplicable because here, unlike *Evans*, the trial court retained some discretion in fixing the ultimate sentence. The plea agreement merely set a cap. The precise duration of the sentence was left to the judge. Under these circumstances, the appellate court believed that Linder was required only to move to reconsider his sentence, as he had done, in order to secure appellate review. He was not obliged to also file a motion to withdraw his plea of guilty and vacate the judgment. Because Linder had moved for reconsideration of his sentence and because his attorney had not filed a Rule 604(d) certificate prior to the hearing on the motion to reconsider, the appellate court reversed the circuit court's judgment denying Linder's motion for reconsideration of his sentence and remanded the cause for the filing of a new motion in compliance with Rule 604(d). No. 2—96—0898 (unpublished order under Supreme Court Rule 23).

In *People v. Rice*, Leroy Rice was charged with 11 counts of burglary. Rice agreed to plead guilty to four of the counts in exchange for the State's dismissing the other counts and recommending a maximum sentence of six years' imprisonment. The circuit court of Lake County accepted the plea and sentenced Rice to five years on each of the four counts, with the sentences to run concurrently. Rice then filed a motion to reconsider his sentence, which the trial court denied.

The appellate court subsequently affirmed, rejecting an argument by Rice that the certificate filed by his trial attorney in support of the motion to reconsider did not comport with the requirements of Rule 604(d). *People v.*

*Rice*, 283 Ill. App. 3d 626 (1996). Rice then filed a petition for leave to appeal to this court. Although we denied that petition, we recognized that Rice's attorney had only moved to reconsider the sentence. As with the attorney in *Linder*, he had not filed a motion to withdraw his client's plea of guilty and to vacate the judgment. Accordingly, we issued a supervisory order remanding the cause to the appellate court for further consideration in light of *Evans*.

In its second *Rice* opinion, the appellate court reached a different conclusion than the panel had in *Linder*. It held that *Evans* does apply when the plea agreement calls for the State to recommend a sentencing cap and the defendant receives a sentence within the range recommended by the State. In order to challenge the sentence and obtain appellate review, the court concluded, the defendant cannot simply move for reconsideration of the sentence. He must file a motion to withdraw his guilty plea and vacate the judgment. 291 Ill. App. 3d 9, 12.

Although the appellate court construed *Evans* as applying to negotiated pleas involving sentencing caps, it held that application of the *Evans* rule to bar Rice's claims would be unfair where, as here, the proceedings to challenge the sentence were initiated well before *Evans* was announced. Accordingly, the court reversed the trial court's judgment and remanded the cause to allow Rice to initiate new proceedings in accordance with *Evans* if he so desired. 291 Ill. App. 3d at 12.

The State petitioned for leave to appeal from the appellate court's decisions in both *Linder* and *Rice*. We allowed the State's petitions (166 Ill. 2d R. 315; 134 Ill. 2d R. 612(b)) and consolidated the two cases for argument and decision.

Resolution of both appeals turns on the first sentence of Rule 604(d). It provides:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." 145 Ill. 2d R. 604(d).

Linder and Rice contend that because they are challenging only the sentences they received, the rule requires only that they move to reconsider the sentences. They assert that moving to withdraw their guilty pleas and to vacate the circuit court's judgments is not a prerequisite to preserving their right to appeal. We disagree.

In *People v. Evans*, 174 Ill. 2d 320 (1996) our court held that the motion-to-reconsider-sentence clause of Rule 604(d) applies only to open, as opposed to negotiated, guilty pleas. When a defendant pleads guilty to certain charges in exchange for the State's agreement to dismiss other charges and recommend a specific sentence, the defendant may not seek reconsideration of that sentence after it has been imposed unless he also moves to withdraw his guilty plea. As we wrote in *Evans*,

"following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the *status quo*." *Evans*, 174 Ill. 2d at 332.

We reached this conclusion by reasoning that if a defendant pleads guilty to certain charges in exchange for an agreement by the State to dismiss other charges and recommend a specific sentence, allowing the defendant to subsequently challenge only his sentence violates basic contract law principles. In effect, the defendant would be attempting to hold the State to its part of the bargain while unilaterally reneging on or modifying the terms he had previously agreed to accept. *Evans*, 174 Ill. 2d at 327.

The rule announced in *Evans* was subsequently applied by this court in *People v. Clark*, 183 Ill. 2d 261 (1998). In *Clark* the defendant pleaded guilty in exchange for the State's agreement to recommend a particular sentence. There was an issue, however, as to whether that sentence would be served consecutively to or concurrently with sentences imposed by another state. The State and the defendant agreed to have the issue resolved by the trial court.

The circuit court accepted the parties' plea agreement, then set a hearing on the question of whether the Illinois sentence should be served concurrently or consecutively. Following that hearing, the court ruled that the sentence had to be served consecutively to the other state's sentences. Defendant then filed a motion to reconsider his sentence. He did not seek to have his guilty plea set aside. He merely argued that making the sentence consecutive was not required by law and was too severe under the circumstances.

The circuit court denied defendant's motion, and he appealed. When the appeal reached us for a decision on the merits, we held that "a plea agreement that leaves open only the applicability of a mandatory sentencing statute constitutes a negotiated plea agreement, as contemplated in *Evans*." *Clark*, 183 Ill. 2d at 262. Accordingly, we concluded that the defendant, who wanted to challenge the sentence imposed by the court, could not merely move to have the sentence reconsidered. Under *Evans*,

> "even though defendant sought to challenge only the consecutive aspect of his sentence, he was required to file a motion to vacate the judgment and withdraw the guilty plea, because his plea of guilty was given in exchange for a specific sentence, regardless of whether the statute mandated a consecutive sentence. Defendant's motion to reconsider, therefore, was improper under these circumstances." *Clark*, 183 Ill. 2d at 268.

We believe that the reasoning employed by this court in *Evans* and followed in *Clark* applies with equal force where, as here, the defendant agrees to plead guilty in exchange for the State's dismissal of certain charges and recommendation of a cap on his sentence. By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive. See *People v. Catron*, 285 Ill. App. 3d 36, 37 (1996) (defendant who agrees to a potential range of sentences implicitly concedes that a sentence imposed within the range cannot be excessive). While the defendant may not like the sentencing court's ultimate disposition, that is a risk he assumes as part of his bargain. A defendant who is unwilling to accept that risk should not agree to a cap rather than a fixed term. Where the sentence imposed is within the agreed upon cap, as the sentences here were, allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms. That is precisely the situation the *Evans* rule was designed to prevent.

Because neither Linder nor Rice moved to withdraw his guilty plea and vacate the circuit court's judgment, as required by Rule 604(d) and by *Evans*, the circuit court correctly refused to reconsider their sentences. In addition, the appellate court should not have entertained defendants' appeals. Where a defendant fails to comply with the motion requirements of Rule 604(d), as these defendants did, the appellate court must dismiss the appeal (*People v. Jamison*, 181 Ill. 2d 24, 28-29 (1998)), leaving the Post-Conviction Hearing Act as the defendant's only recourse (*People v. Foster*, 171 Ill. 2d 469, 471 (1996)).

Finally, we reject the appellate court's view that *Evans'* construction of Rule 604(d) should not be applied in *Rice* because *Rice* arose prior to issuance of our opinion in *Evans*. *Rice* was pending when *Evans* was announced, and when *Rice* first came before us, we remanded it to the appellate court for the express purpose of having the court reconsider its decision in light of *Evans*. *People v. Rice*, 171 Ill. 2d 580 (1997). If we believed that *Evans* were inapplicable, we would not have ordered that remand. As a general rule, this court's decisions apply to all cases that are pending when the decision is announced, unless this court directs otherwise. *People v. Granados*, 172 Ill. 2d 358, 365 (1996). The appellate court cited no authority for deviating from that general rule here.

For the foregoing reasons, we reverse the judgment of the appellate court in *Linder* and affirm the circuit court's judgment denying defendant's motion to reconsider his sentence. We likewise reverse the appellate court's judgment in *Rice* and affirm the judgment of the circuit court.

> *No. 83415—Appellate court judgment reversed;*
> *circuit court judgment affirmed.*
> *No. 84014—Appellate court judgment reversed;*
> *circuit court judgment affirmed.*

JUSTICE RATHJE took no part in the consideration or decision of this case.

CHIEF JUSTICE FREEMAN, specially concurring:

Since the filing of our decision in *People v. Evans*, 174 Ill. 2d 320 (1996), both this court and our appellate court have been beset with appeals which continue to raise questions concerning the proper application of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) once a plea agreement has been accepted by the circuit court. The procedural history of this case is typical of these ap-

peals. See 186 Ill. 2d at 69-71. See also *People v. Clark*, 183 Ill. 2d 261, 264-65 (1998) (noting procedural history of the case). That these questions continue to arise indicates, to me at least, that our previous opinions have provided inadequate guidance in this area for either bench or bar. I am concerned that today's opinion does not go far enough in interpreting the motion-to-reconsider provisions contained in the language of Rule 604(d) so as to provide this needed guidance. I, therefore, write separately to explain why I believe both of the defendants in this consolidated appeal must move to vacate their pleas in order to challenge their sentences.

In *Evans*, this court concluded that the motion-to-reconsider-sentence provisions contained in Rule 604(d) are inapplicable to situations where a defendant pleads guilty to certain charges in exchange for the State's agreement to (i) dismiss other charges and (ii) recommend a specific sentence, a plea arrangement which we characterized as "negotiated." *Evans*, 174 Ill. 2d at 327. Under these circumstances, a defendant who attempts to reduce the agreed-upon sentence seeks "to hold the State to its part of the bargain while unilaterally modifying the sentence" earlier agreed upon. *Evans*, 174 Ill. 2d at 327. We noted that such a practice "flies in the face of contract law principles" (*Evans*, 174 Ill. 2d at 327) because "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *Evans*, 174 Ill. 2d at 332. Therefore, in order to avoid "gamesmanship of a most offensive nature" (*Evans*, 174 Ill. 2d at 327), we held that, in such situations, a defendant must first move to vacate the plea even if he or she only wishes to challenge the imposed sentence. *Evans*, 174 Ill. 2d at 332. In reaching this decision, we contrasted the "negotiated" plea at issue with an "open" guilty plea. An open guilty plea is one in which a defendant pleads guilty "without receiving any promises from the State in return." *Evans*,

174 Ill. 2d at 332. Because the defendant receives no inducements to plead guilty from the prosecutor in such cases, "[b]oth good public policy and common sense dictate that defendants who enter open guilty pleas be allowed to challenge only their sentences without being required to withdraw their guilty pleas." *Evans*, 174 Ill. 2d at 332. We then held that the motion-to-reconsider-sentence provisions contained in Rule 604(d) apply only to open guilty pleas. *Evans*, 174 Ill. 2d at 332.

Unfortunately, our use of the term "negotiated" plea, without elaboration on its meaning beyond the facts in *Evans*, has led to a certain amount of confusion in our lower courts. The reason is simple—not all "negotiated" pleas are the same. See, *e.g.*, *People v. Smith*, 288 Ill. App. 3d 308 (1997) (and cases cited therein). In my view, there are four distinct plea scenarios that usually occur whenever a defendant decides to forgo the right to trial:

(a) The "open" or "blind" plea—defendant pleads guilty without any inducement from the State, and the circuit court exercises its full discretion and determines the sentence to be imposed at the conclusion of a sentencing hearing.

(b) The "negotiated as to charge" plea—defendant pleads guilty solely in exchange for the State's dismissal of remaining or outstanding charges. This type of plea can also include situations in which the defendant agrees to plead guilty in exchange for the State's reduction of the original charge to a lesser offense. In either case, the circuit court exercises its full discretion and determines the sentence to be imposed at the conclusion of a sentencing hearing. Under this scenario, despite the existence of the agreement, the State retains its ability to argue at the sentencing hearing for a sentence from the full range of penalties provided for in the Code of Corrections including maximum sentences and extended terms.

(c) The "negotiated as to charge and/or sentence" plea—defendant pleads guilty in exchange for the State's dismissal of remaining or outstanding charges and recommendation of a sentencing cap or range. In certain cases,

defendant will only agree to plead guilty as charged in exchange for a sentence recommendation or range. Under this scenario, the State's ability to argue at the hearing for a sentence within the full range of penalties provided for in the Code of Corrections is limited by the parameters of its agreement with defendant.

(d) The "fully" negotiated plea—defendant pleads guilty in exchange for the State's dismissal of charges and agreed upon sentence, and trial court accepts plea and sentences according to the agreement. This is the situation addressed in *Evans*.

These four scenarios, by and large, represent the many variations of plea agreements which come under the scrutiny of a court of review. See 2 W. LaFave & J. Israel, Criminal Procedure § 20.1 (2d ed. 1984) (discussing history of plea bargaining and giving examples). The above scenarios demonstrate that several plea bargaining options can fall under the generic label of a "negotiated" plea. A review of Illinois decisional law postdating *Evans* indicates that the appellate court has found the application of Rule 604(d)'s motion-to-reconsider-sentence provisions problematic in cases which involve "negotiated" pleas which fall under the second and third scenarios. See *People v. Sanders*, 286 Ill. App. 3d 1042 (1997); *People v. Johnson*, 286 Ill. App. 3d 597 (1997); *People v. Leach*, 284 Ill. App. 3d 4 (1996).

The present case concerns negotiated pleas which arise under the third plea bargain scenario identified above. I agree with the majority's conclusion that to allow defendants in that situation to seek reconsideration of their sentences without also moving to withdraw their pleas "unfairly binds the State to the terms of the plea agreement while giving the defendant[s] the opportunity to avoid or modify those terms." 186 Ill. 2d at 74. The majority reaches this conclusion because

"[b]y agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on

the grounds that it is excessive. [Citation.] While the defendant may not like the sentencing court's ultimate disposition, that is a risk he assumes as part of his bargain. A defendant who is unwilling to accept that risk should not agree to a cap rather than a fixed term." 186 Ill. 2d at 74.

I have no quarrel with this rationale; however, I believe that the majority's decision to focus primarily on defendant's view of the bargain does not go far enough in addressing the question presented for our review. Equally critical to the analysis, if not more so, are the sentencing concessions, if any, the State agrees to make as part of its bargain with a defendant. It is the existence of a sentencing concession which triggers the application of the holding in *Evans* to the agreements at issue today, as I explain below.

Here, the State's sentence cap recommendations, *in addition to* its agreement to drop certain charges, are *part and parcel* of its agreements with defendants. As a result, the State, by virtue of its bargain with defendants, had limited its ability to argue at sentencing for a sentence from the full panoply of penalties contained in the Code of Corrections. Thus, when a defendant only seeks reconsideration of this type of bargained-for sentence, such actions "fl[y] in the face" of the contract principles enunciated in *Evans* and should not be condoned. *Evans*, 174 Ill. 2d at 327. Just as the specific sentence and plea went "hand in hand" as material elements· of the plea bargain in *Evans,* so too does the sentence cap and plea at issue here. See *Evans*, 174 Ill. 2d at 332. As such, defendant has received a sentencing benefit from the agreement—the State has not sought a sentence above the cap. Thus, it.is the State's sentencing concession, clearly a material component of its bargain with defendant, which distinguishes the "negotiated" plea in the third scenario from the "negotiated" plea contemplated in the second scenario identified above. In the latter scenario, the State has not made any facet of

sentencing an element of its bargain with defendant. Stated differently, defendant in such situations pleads guilty without receiving any promises from the State with respect to sentencing in return. When the State does not provide any sentencing inducement for a defendant in its plea bargain, such a "negotiated" plea, at least for purposes of the sentencing hearing, more closely resembles the "open" plea than the "negotiated" plea at issue in *Evans*. Therefore, in such cases, a defendant's motion to reconsider sentence would not run afoul of his or her agreement—the parties never made the sentence a part of their bargain—and all contract principles are honored. None of the concerns of *Evans* arise in such cases, and its holding necessarily is inapplicable to them. On the other hand, the holding in *Evans* applies to all plea agreements in which the State, as part of its agreement, forgoes or limits its ability at sentencing to seek a sentence from the full range of penalties set forth in the Code of Corrections. These negotiated agreements raise the same type of "gamesmanship" concerns that were present in *Evans*. See *Evans*, 174 Ill. 2d at 327-28. Thus, even if a defendant wishes to challenge only the sentence imposed, he or she must first move to vacate the plea. If the court grants the relief, both parties would then be returned to the status quo as it existed prior to the acceptance of the plea.

As I noted at the beginning of this special concurrence, our decision in *Evans* has generated considerable questions about its applicability to various types of plea bargains. The majority today unfortunately misses the opportunity to distinguish definitively those "negotiated" pleas that fall under the *Evans* rule from those that do not. As a result, I fear that today's opinion regarding the current motion-to-reconsider-sentence provisions contained in Rule 604(d) will not be our last.

JUSTICE HEIPLE, dissenting:

The majority holds that a defendant who pleads guilty in exchange for a cap on the length of his sentence may not challenge a sentence that is imposed within the range of that cap without first moving to withdraw his guilty plea. This holding is not only inconsistent with this court's precedents, it is illogical as well.

In *People v. Evans*, 174 Ill. 2d 320 (1996), we held that when a defendant agrees to plead guilty to certain charges in exchange for the State's dismissing other charges and recommending to the trial court a specific sentence, the defendant may not seek reconsideration of that sentence once imposed by the trial court unless he also moves to withdraw his guilty plea. We reached this conclusion by reasoning that, under the circumstances presented in *Evans*, a defendant who challenges only his sentence violates the terms of his plea agreement with the State. Such a defendant seeks to obtain the benefits of his plea agreement (the dismissal of certain charges) without fulfilling his obligations under that agreement (the acceptance of the specific sentence specified in the agreement). *Evans*, 174 Ill. 2d at 327. We thus held that in order to challenge a sentence which the trial court has entered upon a specific recommendation made by the State as part of a plea agreement, a defendant must also move to withdraw his guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo. *Evans*, 174 Ill. 2d at 332.

The majority contends that the reasoning employed by this court in *Evans* also applies to cases in which the defendant agrees to plead guilty in exchange for the State's dismissing certain charges and recommending to the trial court a cap on his sentence. The majority argues that, just as in *Evans*, allowing such a defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the

terms of the plea agreement while excusing the defendant from compliance with those terms. 186 Ill. 2d at 74. The majority is incorrect.

When the instant defendants agreed to plead guilty, they did so because the State agreed to recommend that they serve *no more than* a particular length of time in prison. Presumably, if the State and the defendants had been able to agree on an appropriate sentence, they would have decided to recommend that specific sentence to the trial court. In the absence of such agreement, neither party was entitled to expect the entry of any particular sentence within the recommended range. In other words, at the time a plea agreement involving a sentencing cap is accepted by the trial court, the appropriate sentence, as far as the two parties are concerned, has yet to be determined. A defendant thus does not violate any term of such an agreement by seeking reconsideration of the sentence imposed by the trial court. This situation is no different than that where a defendant enters an open or blind plea, thus exposing himself to the maximum statutory sentence. In such a case, the maximum sentence is the cap. In that situation, the defendant may challenge the length of his sentence without moving to withdraw his plea of guilty. *People v. Wallace*, 143 Ill. 2d 59 (1991).

The reason this court required the defendants in *Evans* to move to withdraw their guilty pleas before challenging their sentences is that the specific sentences contained in the plea agreements there demonstrated that the parties had already settled on appropriate sentences. In a sentencing cap situation, however, there is no such consensus, and so a defendant does not renege on his plea agreement if he seeks to have the trial court or an appellate tribunal review the sentence initially imposed. The majority's argument implies that in agreeing to plead guilty in exchange for a recommended sentencing cap, defendants were also agreeing not to

challenge any sentence imposed below that cap. No such term was ever a part of the defendants' bargains, and the majority is wrong to rewrite the agreements to include such a term.

For these reasons, I respectfully dissent.