13 August 1999

No. 5-98-0633

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the Circuit

) Court of Saline County.

Plaintiff-Appellee, )

)

v. ) No. 97-CF-96

)

LARRY RAY BULLARD, ) Honorable

) Michael J. Henshaw,

Defendant-Appellant. ) Judge, presiding.

_________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:

Defendant pled guilty to one count of first-degree murder in exchange for the State's dismissal of other charges against defendant and its agreement not to seek the death penalty.  The trial court sentenced defendant to 50 years' imprisonment.  Defendant filed a motion to reconsider his sentence but did not move to withdraw his guilty plea.  We dismiss the appeal for defendant's failure to file a motion to withdraw his guilty plea as required by Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) and 
People v. Linder
, 186 Ill. 2d 67 (1999).  

On May 23, 1997, defendant was charged with four counts of first-degree murder and one count of aggravated criminal sexual assault.  On July 29, 1997, defendant pled guilty to one count of first-degree murder in exchange for the State's agreement to waive the death penalty and to dismiss the remainder of the charges.  On November 6, 1997, the trial court conducted a sentencing hearing in which the State argued that defendant should be sentenced to natural-life imprisonment without the possibility of parole.  The trial court sentenced defendant to 50 years' imprisonment.  The judgment of guilt and sentencing order was filed on November 10, 1997.

Defendant filed a motion to reconsider his sentence on December 4, 1997, but did not move to withdraw his plea of guilty.  On April 23, 1998, defendant filed an amended motion to reconsider his sentence but again did not move to withdraw his plea of guilty.  Attached to the amended motion was a certificate of compliance with Rule 604(d), signed by defendant's attorney.  On September 10, 1997, the trial court denied defendant's motion to reduce sentence.  This appeal followed. 

After the parties filed their briefs with this court, the Illinois Supreme Court issued its decision in 
Linder
, holding
 that "one who pleads guilty in exchange for a cap on the length of his sentence" may not challenge a sentence imposed within that cap "without first moving to withdraw his guilty plea."  
Linder,
 186 Ill. 2d at 68.  Where the defendant does not file a motion to withdraw his plea of guilty as required by Rule 604(d), neither the trial court nor the appellate court should consider defendant's challenge to his sentence.  See 
Linder
, 186 Ill. 2d at 74.  Thus, the dispositive question for this court is whether the State's dismissal of charges against defendant, together with its agreement to waive the death penalty, required defendant to file a motion to withdraw his guilty plea and, if so, whether his failure to do so requires us to dismiss his appeal.  

We find that based upon the 
Linder 
decision, as well as the cases upon which 
Linder 
relies, defendant was required to file a motion to withdraw his guilty plea, and since he did not, we must dismiss his appeal.  First, the State's agreement to waive its right to seek the death penalty against defendant is essentially the same as a "cap on the length of his sentence."  Logically, we can reach no other conclusion: 
Linder
 specifically holds that the State's agreement to waive its right to argue for imprisonment beyond a specified number of years mandates that a defendant file a motion to withdraw his plea of guilty even if he seeks only to challenge the length of his sentence.  See 
Linder
, 186 Ill. 2d at 80 (Freeman, J., specially concurring).  

In order to be consistent with 
Linder, 
we find that the State's agreement to waive the penalty of death invokes the requirement that defendant must challenge his plea of guilty, for a defendant must file a motion to withdraw his guilty plea if the State agrees not to seek any sentence available under the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/1-1-1 
et seq
. (West 1996)).  Where the State, "as part of its agreement, forgoes or limits its ability at sentencing to seek a sentence from the full range of penalties set forth in the Code of Corrections," defendant must "move to vacate the plea" if he wishes to challenge the sentence.  See 
Linder
, 186 Ill. 2d at 80 (Freeman, J., specially concurring).  

We recognize that a sentence of death has been referred to as "qualitatively different" from other criminal sentences.  See 
People v. Barnhill
, 188 Ill. App. 3d 299, 309 (1989).  The qualitative difference, however, is based upon the finality of the death penalty and the greater need for procedural reliability in capital sentencing hearings.  See 
People v. Williams
, 161 Ill. 2d 1, 77 (1994); 
Barnhill,
 188 Ill. App. 3d at 309.  The qualitative difference does not have any bearing upon the court's references to a "sentencing cap" in 
Linder.
  In the case as bar, the State agreed to a "sentencing cap" by agreeing not to seek the death penalty.  In other words, the "sentencing cap" agreement in this case was that defendant would not be subject to any punishment beyond natural-life imprisonment.

A second basis for our ruling is that the rationale behind the decision in 
Linder
 applies with equal force to the facts of this case.  

"By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive.  [Citation.]  While the defendant may not like the sentencing court's ultimate disposition, that is a risk he assumes as part of his bargain.  ***  Where the sentence imposed is within the agreed[-]upon cap, as the sentences here were, allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms.  That is precisely the situation the 
Evans
 rule was designed to prevent."  
Linder
, 186 Ill. 2d at 74 (referring to 
People v. Evans
, 174 Ill. 2d 320 (1996), wherein the supreme court held that the portion of Rule 604(d) allowing a defendant to file only a motion to reconsider applies only to open, as opposed to negotiated, guilty pleas).  

In the case at bar, defendant entered into a negotiated plea.  Defendant fulfilled his part of the bargain by pleading guilty.  The State fulfilled its part of the bargain by dismissing four of the five charges pending against defendant and by agreeing not to seek one of the penalties available under the Code of Corrections, the death penalty.  If we allow defendant to seek the reconsideration of his sentence without also challenging his guilty plea, we are giving him "the opportunity to avoid or modify" the terms of the negotiated plea while unfairly binding the State to its part of the bargain, exactly what the supreme court
 
found unacceptable in 
Linder
.  See 
Linder
, 186 Ill. 2d at 74. 

Finally, even though defendant and the State negotiated this plea before the supreme court decided 
Linder
, we must follow the rule set forth in that case.  The supreme court specifically held in 
Linder
 that its decision would be applied retroactively and that, as a general rule, supreme court "decisions apply to all cases that are pending when the decision is announced, unless [the supreme court] directs otherwise."  
Linder
, 186 Ill. 2d at 75.  Here, the case at bar was pending in this court at the time the supreme court rendered its decision in 
Linder
.  Therefore, we are compelled to apply the rules set forth therein to the facts of this case. 
 

By dismissing defendant's appeal, we follow the direction of the supreme court in 
Linder
:  "Where a defendant fails to comply with the motion requirements of Rule 604(d), *** the appellate court must dismiss the appeal [citation], leaving the Post-Conviction Hearing Act as the defendant's only recourse."  
Linder
, 186 Ill. 2d at 74. 

Appeal dismissed.  

WELCH and MAAG, JJ., concur.