NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180428-U

NOS. 4-18-0428, 4-18-0429 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 9, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v.      (No. 4-18-0428) | ) | Livingston County |
| SARAH KNADE, | ) | No. 17CF159 |
| Defendant-Appellant. | ) | |
| ------------------------------------------------------------------- | ) | |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | No. 18CF36 |
| Plaintiff-Appellee, | ) | |
| v.      (No. 4-18-0429) | ) | Honorable |
| SARAH KNADE, | ) | Jennifer Hartmann |
| Defendant-Appellant. | ) | Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court remanded for strict compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) admonishments.

¶ 2        In May 2018, the trial court sentenced defendant, Sarah Knade, on multiple convictions resulting from two plea agreements. Defendant pleaded guilty to the charged offenses in exchange for caps on her sentences. The 16-year prison term imposed for these offenses was less than the total agreed-upon sentencing cap of 18 years. In June 2018, defendant filed a motion to reconsider her sentence, which the trial court denied.

¶ 3         Defendant appeals, arguing her sentence is excessive. The State contends the trial court failed to properly admonish defendant regarding her appeal rights, pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), and requests we remand with directions the court properly admonish her and allow her to file postsentencing motions. Defendant responds the State is mistaken and requests we reach the merits of her excessive sentence argument. We agree with the State.

¶ 4                              I. BACKGROUND

¶ 5         On May 16, 2017, in Livingston County case No. 17-CF-159, defendant was charged with unlawful bringing of contraband into a penal institution (720 ILCS 5/31A-1.1(a) (West 2016)), and unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 2016)). In February 2018, defendant, in Livingston County case No. 18-CF-36, was charged with two counts of unlawful delivery of a controlled substance (720 ILCS 570/401(d)(i) (West 2016)), which allegedly occurred on January 17, 2018, and February 1, 2018.

¶ 6         On April 16, 2018, defendant pleaded guilty to the charged offenses in Livingston County case Nos. 17-CF-159 and 18-CF-36. In exchange for defendant's admissions and guilty pleas, the State agreed to cap its sentencing recommendation to 18 years in prison.

¶ 7         On May 29, 2018, the trial court held a consolidated sentencing hearing on all of defendant's convictions. At the close of the evidence, the State recommended a sentence of 18 years' imprisonment. In support of this recommendation, the State noted defendant's prior criminal history, including "[c]rimes of dishonesty, misuse of credit cards, theft," and defendant's failure to successfully complete a prior term of probation. Defense counsel acknowledged defendant's criminal history and recommended a 10-year sentence. Defense counsel noted defendant pleaded guilty, acknowledged her guilt, and "[n]eed[ed] help." Defense

counsel further argued a 10-year sentence addressed defendant's potential for rehabilitation "because it gives her some light at the end of the tunnel to have hope for her and her family that that light is not a train coming and be right back in [this] situation again."

¶ 8        The trial court observed defendant had an addiction and endured "a lot of traumatic events," but acknowledged "even though [defendant's] conduct did not cause harm there is a very real potential for harm when you are distributing drugs within the community." The court stated "the bringing of contraband into the penal institution, is considered of utmost seriousness *** [a]nd the delivery charges are also very serious matters." The court further noted defendant's criminal history and the need for deterrence as factors in aggravation.

¶ 9        In Livingston County case No. 17-CF-159, the trial court sentenced defendant to six years' imprisonment. In Livingston County case No. 18-CF-36, the court sentenced defendant to 10 years' imprisonment. Both sentences were to be served consecutively. The court then admonished defendant of her right to appeal, stating in pertinent part:

> "Prior to taking an appeal, you must file in this court within 30 days of today's date a written motion asking to have the trial court reconsider the sentence that was imposed or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds for the motion."

When asked by the court if she had any questions regarding her appeal rights, defendant responded, "No."

¶ 10       In June 2018, defendant filed a motion to reconsider her sentences, arguing they were excessive. The trial court denied the motion.

¶ 11       These consolidated appeals followed.

¶ 12                                    II. ANALYSIS

¶ 13 Defendant's sole argument on appeal is her sentence is excessive. The State contends the cause should be remanded for proper admonishments pursuant to Rule 605(c) (eff. Oct. 1, 2001) and strict compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), as defendant entered negotiated guilty pleas but was improperly admonished as though she had entered open guilty pleas (see Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001)). Defendant responds, arguing she "entered blind guilty pleas in these two consolidated cases without any specific agreement as to her sentence" and we should reach the merits of her excessive sentence argument.

¶ 14 A. Defendant's Guilty Pleas

¶ 15 "[A] negotiated plea is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001). To challenge a sentence after entering a negotiated guilty plea, a defendant must first file a motion to withdraw the guilty plea pursuant to Rule 604(d) (eff. July 1, 2017). See *People v. Linder*, 186 Ill. 2d 67, 68, 708 N.E.2d 1169, 1170 (1999). Specifically, Rule 604(d) states, in pertinent part, as follows:

> "No appeal shall be taken upon a negotiated plea of guilty
> challenging the sentence as excessive unless the defendant, within
> 30 days of the imposition of sentence, files a motion to withdraw
> the plea of guilty and vacate the judgment. For purposes of this
> rule, a negotiated plea of guilty is one in which the prosecution has
> bound itself to recommend a specific sentence, or a specific range
> of sentence, or where the prosecution has made concessions

relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 16    In *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996), our supreme court held, "[F]ollowing the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo." Relying on contract principles, the supreme court explained, "To permit a defendant to challenge his sentence without moving to withdraw the guilty plea in these instances would vitiate the negotiated plea agreement he entered into with the State." *Id.* In *Linder*, our supreme court stated, where a sentence is imposed within the agreed upon sentencing range under a negotiated guilty plea, allowing a defendant to later challenge his sentence without first moving to withdraw his guilty plea would "unfairly bind[ ] the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms." *Linder*, 186 Ill. 2d at 74. "While the defendant may not like the sentencing court's ultimate disposition, that is a risk he assumes as part of his bargain." *Id.* "By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *Id.* See *People v. Catron*, 285 Ill. App. 3d 36, 37, 674 N.E.2d 141, 142 (1996) ("By agreeing to a potential range of sentences, a defendant implicitly concedes that a sentence imposed within the range cannot be excessive.").

¶ 17    Here, defendant entered into a negotiated guilty-plea agreement where the State agreed to cap its sentencing recommendation at 18 years' imprisonment in exchange for defendant's admissions and guilty pleas. The trial court imposed a 16-year sentence. The sentence imposed was within the agreed-upon range under the negotiated plea agreement and

was a risk defendant assumed as part of her bargain. *Linder*, 186 Ill. 2d at 74. To permit defendant to challenge her sentence without moving to withdraw the guilty plea would "vitiate the negotiated plea agreement [s]he entered into with the State." *Evans*, 174 Ill. 2d at 332.

¶ 18                                B. Admonishments

¶ 19          As discussed above, pursuant to Rule 604(d) (eff. July 1, 2017), "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files *** a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." "Rule 605(b) and Rule 605(c), which complement Rule 604(d) and serve as a corollary to the requirements of Rule 604(d), provide the admonitions the trial judge must give a defendant when imposing sentence on a defendant who has pled guilty." *People v. Dominguez*, 2012 IL 111336, ¶ 13, 976 N.E.2d 983. Our supreme court has stated, however, Rule 604(d) "is not without exceptions." *People v. Flowers*, 208 Ill. 2d 291, 301, 802 N.E.2d 1174, 1180 (2003). "If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d) *** the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d)." *Id.*

¶ 20          Regarding non-negotiated guilty pleas, Rule 605(b) provides, in relevant part:

> "[T]hat prior to taking an appeal the defendant must file in the trial
> court, within 30 days of the date on which sentence is imposed, a
> written motion asking to have the trial court reconsider the
> sentence or to have the judgment vacated and for leave to

withdraw the plea of guilty, setting forth the grounds for the motion." Ill. S. Ct. R. 605(b)(2) (eff. Oct. 1, 2001). Regarding negotiated guilty pleas, Rule 605(c) provides "prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion." Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001).

¶ 21 Rule 605(b) and (c) must be strictly complied with "in that the admonitions *must* be given." (Emphasis in original.) *Dominguez*, 2012 IL 111336, ¶ 21. However, the rule "need not be read nearly verbatim." *Id.* ¶ 22. "Rather, *** the court must 'substantially' advise a defendant under Rule 605(c) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* "So long as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Id.* "A trial court's compliance with the admonition requirements of Supreme Court Rule 605 is reviewed *de novo*." *People v. Young*, 387 Ill. App. 3d 1126, 1127, 903 N.E.2d 434, 435 (2009).

¶ 22 A review of our decision in *Young* provides a backdrop for our consideration of the State's claim defendant was incorrectly admonished. In *Young*, the defendant pleaded guilty in return for the State's agreement to cap its sentencing recommendation to 12 years' imprisonment. *Id.* This court held the trial court failed to properly admonish the defendant about his appeal rights when it incorrectly admonished him "prior to taking an appeal, you would first need to file, within the next 30 days, a written motion asking me to reconsider your sentence or to have judgment vacated and for leave to withdraw your plea of guilty." *Id.* Consequently, the defendant in *Young* filed the incorrect motion on appeal within the proper time period and the

State conceded the court's error. *Id.* Because the court in *Young* incorrectly admonished the defendant in strict compliance with Rule 605(b) and not Rule 605(c), this court remanded the case to the trial court because the court had substantially misled the defendant, causing him to file the wrong motion during the applicable 30-day period. *Id.* at 1129.

¶ 23 Here, defendant pleaded guilty in exchange for the State's agreement to cap its sentencing recommendation to 18 years' imprisonment. As a result, defendant was required to file a motion to withdraw her guilty plea within the applicable 30-day period, as opposed to a motion to reconsider sentence. The trial court, pursuant to Rule 605(c), was required to admonish defendant she must file a motion to withdraw her guilty plea in conjunction with any challenge to her sentence. As in *Young*, the court incorrectly admonished defendant in strict compliance with Rule 605(b)—not Rule 605(c)—and as a result, defendant timely filed the incorrect motion. When a trial court fails to properly admonish a defendant pursuant to Rule 605 following a guilty plea, the proper remedy is to remand for proper Rule 605 admonishments and Rule 604(d) proceedings. *Id.*

¶ 24 Defendant is entitled to remand for strict compliance with Rule 605(c) and an opportunity to file a motion to withdraw her plea within 30 days of those admonishments.

¶ 25 III. CONCLUSION

¶ 26 We remand the cause for further proceedings consistent with this order.

¶ 27 Remanded.